UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
DAVID JOHN BROWN-BEY,           :       CASE NO. 1:15-CV-2482
                                                :
            Plaintiff,                      :
                                                :
vs.                                           :       OPINION & ORDER
                                                :
CUYAHOGA COUNTY              :
COURT OF COMMON PLEAS, *et al.*,  :
                                                :
            Defendants.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff David John Brown-Bey, a state prisoner incarcerated in the Grafton Correctional Institution, has filed this civil action pursuant to 42 U.S.C. § 1983 against the Cuyahoga County Court of Common Pleas and Cuyahoga County Prosecutor Timothy McGinty. His complaint is incomprehensible. The Court is unable to discern from the plaintiff's pleading any intelligible factual basis for a claim under § 1983, or any request for relief available under that statute.[1] The plaintiff asks the Court only "to issue this LEGAL NOTICE OF REMOVAL to the proper venue, Federal Jurisdiction in summons/Suits/Tickets & Hearing of federal court involving Moor American National David John Brown-Bey Ex Rel: DAVID JOHN BROWN." However, the plaintiff nowhere identifies any case he seeks to "remove."

---

[1] Furthermore, Ohio courts are not *sui juris* and cannot be sued under § 1983. *Yoel v. Gandolf*, Case No. 1:06–cv–387, 2007 WL 777983, *5 (N.D.Ohio March 12, 2007).

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

The Court finds this action warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The allegations in the complaint are so frivolous, implausible, and unsubstantial that they do not provide a basis to establish this Court's subject matter jurisdiction.

Accordingly, this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 4, 2016          *s/   James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE